IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SHIRLEY FISHER,                          )
                                         )
           Plaintiff,                    )
                                         )
    v.                                   )   No. 07-4258-SSA-CV-C-WAK
                                         )
MICHAEL J. ASTRUE, Commissioner,         )
Social Security Administration,          )
                                         )
           Defendant.                    )

**ORDER**

    Claimant Shirley Fisher seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on January 1, 2003. The parties' briefs were fully submitted, and on October 21, 2008, an oral argument was held.

    "Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

    In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Shirley Fisher was born in 1953. She is 5 feet 5 inches tall and weighs approximately 113 pounds. She has a ninth grade education and had some special education classes while in school. She is separated from her husband and has no past relevant work, although she has worked as a stocker, cashier and commercial cleaner. She has also done some babysitting. Her work record is minimal, with her highest reported earnings being approximately $5,500. In the years she did not work, she was a stay-at-home mother.

2

She alleges she is disabled due to osteoporosis, stabbing pains in her chest and lungs, recurring headaches and depression. She also reported a recent finding of a suspicious mass in her lung. She stated she could not sit or stand for more than twenty minutes or walk for more than fifteen minutes at a time, and that a doctor told her not to lift more than ten pounds. She said her headache and pain medications made her drowsy. She reported severe symptoms from depression beginning after her husband left her, and the records suggest they continued for approximately one year prior to the hearing. Those symptoms included eating only one meal per day, two suicide attempts, crying spells, problems with her memory, and reliance on family members for daily tasks and to go with her when she left the house.

The Administrative Law Judge (ALJ) reviewed plaintiff's medical records, earnings history and the testimony from the hearing, and ultimately discounted the testimony and found plaintiff did not have severe impairments. Instead, he found that she had "minimal degenerative arthritis of the thoracic spine and left knee, migraine or tension headaches controlled by medication, status-post acute right wrist fracture, atypical chest pain, small benign mass in the left lung, and situational depression controlled by medication." He categorized these impairments as "slight abnormalities that do not significantly affect the performance of any basic work-related activities." (TR 23.)

Fisher asserts the ALJ erred in finding, at step two of the analysis, that she did not have a severe impairment. She asserts the ALJ should have further developed the record with respect to her mental and physical impairments, and the ALJ should have given more weight to her testimony.

After reviewing the administrative transcript and considering the parties' briefs and arguments, the court agrees the ALJ should have further developed the record with respect to plaintiff's depression and her abilities. The record contains substantial evidence of depression, limited education and a strong change in behavior during the year prior to the hearing. Those issues should have been better developed and considered in conjunction with her physical limitations and the effects of her medication.

The Eighth Circuit has repeatedly held that "the inquiry must focus on the claimant's ability 'to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" Tang v. Apfel, 205 F.3d

1084, 1086 (8th Cir. 2000). The inquiry should also include the effect mental conditions have on the required physical acts.

Here, the record as a whole does not contain substantial evidence to support the ALJ's conclusions that Fisher could perform those acts on a daily basis. Nevertheless, they do not disclose whether she was disabled within the meaning of the Social Security Act at the time of the decision. Thus, additional data must be gathered and considered by the Commissioner. See Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987).

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record and reconsideration.

Dated this 4th day of November, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge